# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-1380**                             **September Term, 2021**

**NTSB-EM-217**
**NTSB-ME-30003**

**Filed On:** January 4, 2022

Jack Anthony Jory,

       Petitioner

    v.

National Transportation Safety Board,

       Respondent

### PETITION FOR REVIEW FROM AN ORDER OF THE
### NATIONAL TRANSPORTATION SAFETY BOARD

**BEFORE:**    Rogers, Pillard, and Walker, Circuit Judges

## J U D G M E N T

This petition for review of orders of the National Transportation Safety Board was considered on the briefs and appendix filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the petition for review of the July 7, 2020 and September 14, 2020 orders of the National Transportation Safety Board ("NTSB") be denied.  Because petitioner challenges NTSB's orders on appeal from a decision of the Commandant of the U.S. Coast Guard sustaining an order of an administrative law judge revoking petitioner's Merchant Mariner Credential pursuant to 49 U.S.C. § 1133(3), the NTSB's decision to apply its Rules of Practice for merchant marine appeals (49 C.F.R. Part 825) rather than its Rules of Practice for air safety proceedings (49 C.F.R. Part 821) is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); see also Garvey v. NTSB, 190 F.3d 571, 577 (D.C. Cir. 1999).  In addition, the NTSB did not err in dismissing petitioner's appeal for failing to timely file his brief in support of his appeal "[w]ithin 20 days after the filing of a notice of appeal."  49 C.F.R. § 825.20.

The NTSB's reconsideration order noted that it "considers this motion to be out of process and, therefore, unacceptable."  Nevertheless, the NTSB concluded on the merits that petitioner "neglected to provide good cause for the untimely filing of his appeal brief."  Commandant v. Mintz, 4 N.T.S.B. 1976 (1984) (noting that while NTSB "rules of procedure for seaman appeals (49 CFR 825) do not expressly authorize

requests for reconsideration," the NTSB has "entertained them as a matter of discretion"); Collins v. NTSB, 351 F.3d 1246, 1250 (D.C. Cir. 2003).  Because petitioner did not demonstrate good cause for the untimely filing of his appeal brief, the NTSB's September 2020 order denying reconsideration is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); see Young v. SEC, 956 F.3d 650, 656 (D.C. Cir. 2020) (concluding that neither petitioner's "ignorance of the law" or "unfamiliarity with the legal process" entitle him to equitable tolling) (internal quotation marks omitted); Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk